# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

**CIVIL ACTION NO. 06-129-JBC**

**DORIS ARNOLD, as Administrator of the
Estate of Gerald Lynn Cornett, Deceased,**                           **PLAINTIFF,**

**V.**                   **MEMORANDUM OPINION AND ORDER**

**CORRECTIONAL MEDICAL SERVICES, INC., et al.,**             **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the government defendants' motion to alter, amend, or vacate the court's memorandum opinion and order of September 27, 2010 (R. 179). The defendants have done nothing more than identified genuine issues of material fact. The court, therefore, will deny the motion.

When the defendants moved for summary judgment on the basis of qualified immunity, they had to concede the most favorable view of the facts to the plaintiff. *See Phillips v. Roane County*, 534 F.3d 531, 534 (6th Cir. 2008) (citing *Berryman v. Rieger*, 150 F.3d 561, 563 (6th Cir. 1998)). The defendants continue to brush aside that rule in their latest motion. They claim that the court cannot view the facts in a light most favorable to the plaintiff because the plaintiff's version is "utterly discredited" by the record. R. 179 at 4 (citing *Chappell v. City of Cleveland*, 585 F.3d 901, 906 (6th Cir. 2009)). In support of that claim, the defendants object to the admissibility of one of the plaintiff's witnesses's

statements, and they present testimony that contradicts the plaintiff's view of the facts. The defendants have failed to show that the record utterly discredits the plaintiff's view. Instead, they have identified genuine issues of material fact.

The defendants first argue that the court improperly considered a hearsay statement of Stephanie Mogan, who was detained at the jail the night that Gerald Cornett fell. Mogan testified that another inmate named Dora told jail staff that there was blood on Cornett's head and that they needed to get someone to look at him. R. 179 at 7. Dora's statement is not hearsay because it is being offered to demonstrate that certain defendants heard the statement, not for the truth of the matter asserted. Whether Mogan accurately related Dora's statement during her deposition and whether certain defendants heard the statement are genuine issues of material fact, not issues of admissibility.

The defendants next argue that the plaintiff's view of the facts is utterly discredited because Brian Rice, another inmate, testified that after the fall he saw no blood on Cornett's head, the floor, or the chairs. R. 179 at 8 n.1. Rice's testimony might contradict Mogan's testimony, but this single contradiction does not utterly discredit the plaintiff's view of the facts. The defendants, in fact, fail to explain why Rice's testimony is more credible than Mogan's. A jury must address that issue.

The defendants also argue that Dr. Phillip Tibbs, who performed surgery on Cornett after the fall, utterly discredits the plaintiff's view of the facts. Tibbs

testified that he did not recall any major direct trauma to Cornett's scalp. R. 179 at 8. But Tibbs's testimony does not directly refute Mogan's; it provides another viewpoint for a jury to consider. And, as with Rice's testimony, the defendants fail to explain why Tibbs's testimony is more credible than Mogan's. That failure is striking, because Tibbs admitted that he did not spend as much time with Cornett as other medical personnel because he looked at "the big stuff" and then "moved along." R. 179 at 8. Tibbs also acknowledged that Cornett could have had blood on his head after the fall from a bleeding ear or other abrasions on his body. R. 179 at 9-10. One can draw different conclusions from Tibbs's testimony, which underscores that genuine issues of material fact exist.

Finally, the defendants are incorrect in asserting that there is no credible evidence to support the plaintiff's proof absent readily apparent blood on Cornett's head. The blood on Cornett's head creates a fact issue sufficient to preclude summary judgment, but it is not the only fact issue that exists. The court need not recite every genuine issue of material fact.

Far from having demonstrated that the plaintiff's view of the facts is utterly discredited by the record, the defendants have merely identified genuine issues of material fact – issues that a jury must address. Accordingly,

**IT IS ORDERED** that the defendants' motion to alter, amend, or vacate the court's memorandum opinion and order of September 27, 2010 (R. 179) is **DENIED**.

Signed on  December 7, 2010

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY